**PROTECTIVE MUT. BEN. ASS'N v. Mc-CUISTION.**

**No. 8522.**

Court of Civil Appeals of Texas. San Antonio.
Jan. 7, 1931.

Rehearing Denied Feb. 4, 1931.

E. B. Ward and Howell Ward, both of Corpus Christi, for appellant.

Sidney P. Chandler, of Corpus Christi, for appellee.

SMITH, J.

Appellant is a mutual benefit association, and appellee is the beneficiary named in an insurance certificate issued by the association upon the life of George Dee McCuistion, appellee's husband. Upon the death of the latter, appellee brought this suit and recovered the amount of the certificate. The association has appealed.

The application for the insurance, which appears to have been signed by the beneficiary for the applicant, was made and dated May 31, 1928. Upon such application the certificate was executed by the officials of the association on June 15, 1928. It was placed in the mail, addressed to the insured at his residence in Corpus Christi, on the morning of June 22. The insured died the same morning, however, before the certificate was delivered at his residence.

Appellant contested payment of the insurance upon several grounds, among them being: First, that a provision in the certificate required the personal signature of the insured to a stipulation that the policy should not become effective without such personal signature, which, it is conceded, was not given; second, that the application for the insurance contained the material statement on behalf of the applicant that he had not been treated by a physician for any illness within a given period, and was not at the date of the application afflicted with the malady that resulted in his death, both of which representations were alleged to be material to the risk, and false. Appellee sought to overcome these defenses by denial of the alleged fraud, and by averments and evidence of waiver and estoppel. Proof was heard upon these issues, and in the face of conflict of the testimony thereon the trial court directed a verdict in favor of appellee.

In view of another trial, we deem it inappropriate to discuss the evidence, or express any opinion as to its weight or sufficiency, except to say that the several issues raised by the pleadings were such as should have been submitted to the jury, upon the evidence adduced, and that the court erred in directing a verdict for appellee.

The judgment is reversed, and the cause remanded.